UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL A. MAXIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:12-CV-765 RM |
| ) | |
| SUPERINTENDENT ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Michael A. Maxie, a *pro se* prisoner, filed a habeas corpus petition trying to challenge his convictions for battery on a pregnant woman and interfering with the reporting of a crime by the Elkhart Superior Court under cause number 20D01-0812-FC-102 on February 28, 2011. This petition must be dismissed because it is a mixed petition. "[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005).

Mr. Maxie presents three grounds for relief. In both Ground One and Ground Two, Mr. Maxie argues that his attorney on direct appeal was ineffective. He says he presented these two grounds to the Indiana Supreme Court during his direct appeal. Mr. Maxie presents several claims in each ground and it is possible that he might have presented other portions of these grounds during his direct appeal. It is not possible, though, that he properly presented an ineffective assistance of appellate counsel claim during his direct appeal. Such a claim can only be raised during a post-conviction relief proceeding. Mr. Maxie filed a post-conviction relief petition in the state trial court on April 27, 2012, and it

is still pending in that court. As such, the claims he has raised in his post-conviction petition are not yet exhausted and this court can't adjudicate this mixed habeas corpus petition.

This petition must be dismissed, unless dismissal would prevent federal habeas review. Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). The Indiana Supreme Court denied transfer of Mr. Maxie's direct appeal on February 29, 2012, so the one-year statute of limitation began on May 30, 2012, when the time for filing a petition for certiorari expired. 28 U.S.C. § 2244(d)(1)(A). The statute of limitations was tolled when Mr. Maxie filed his post-conviction relief petition on April 27, 2012. 28 U.S.C. § 2244(d)(2). Therefore, the entire one-year period still remains; Mr. Maxie hasn't yet lost a single day. The statute of limitation won't start again until the conclusion of the post-conviction proceeding and appeals. Dismissing this petition won't deprive him of the opportunity for federal habeas review and a stay would not be appropriate in this case.

For the foregoing reasons, the petition is DISMISSED WITHOUT PREJUDICE pursuant to SECTION 2254 HABEAS CORPUS RULE 4.

SO ORDERED.

ENTERED: December  10 , 2012

                                      /s/ Robert L. Miller, Jr.
                                      Judge
                                      United State District Court